UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DATHAN A GRIFFIN,**

      **Plaintiff,**

v.                                                   Case No: 6:24-cv-1432-PGB-LHP

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J OXLEY,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Dathan A. Griffin's ("**Plaintiff**") Motion for Preliminary Injunction (Doc. 2 (the "**Motion**")). Upon consideration, Plaintiff's Motion is due to be denied without prejudice.

**I.     BACKGROUND**

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against Defendants Calderon et al. (collectively, the "**Defendants**"), who—according to Plaintiff—"acted in concert to deprive [] Plaintiff of his civil rights in a scheme designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.*).

Soon thereafter, Plaintiff filed the instant Motion, requesting a preliminary injunction "to command or mandate Defendants to halt, pause or stay any and all proceedings in the Ninth Judicial Circuit Court related to" his property in Orlando, Florida. (Doc. 2).[1]

## II. DISCUSSION

Simply put, Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 65 and Local Rule 6.02.[2] Specifically, Federal Rule of Civil Procedure 65(a)(1) provides that: "[t]he court may issue a preliminary injunction only on notice to the adverse party." Local Rule 6.02(b) also requires a movant to "notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." Additionally, under Local Rule 6.02(c), an opposing party is entitled to respond to a motion for a preliminary injunction.

At the outset, Plaintiff has not provided any indication to the Court that Defendants are aware of the Motion. Nor has Plaintiff established by "clear and convincing evidence an extraordinary circumstance not requiring notice." *See*

---

[1] In his Motion, Plaintiff also requests a "Temporary Restraining [sic] and/or Writs of Preliminary and Prohibitory Mandatory Injunctions." (Doc. 2, p. 1). However, the Court limits its discussion to the request for a preliminary injunction because Plaintiff titled the Motion as a Motion for Preliminary Injunction and only cited to Local Rule 6.02, which pertains to preliminary injunctions. (*Id.*). Moreover, throughout the body of the Motion, Plaintiff only references his request for a preliminary injunction. (*Id.* at pp. 6–7).

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

2

Local Rule 6.02(b). Finally, Defendants have yet to appear in this action, and thus, have not had an opportunity to respond to the Motion. *See* Local Rule 6.02(c).

Therefore, considering Plaintiff has failed to provide Defendants with notice of the Motion, that alone is a sufficient basis to deny Plaintiff's request for a preliminary injunction. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." (citing FED. R. CIV. P. 65(a)(1))); *see also Faller v. Casa Bahia at Westshore Yacht Club Condo. Ass'n, Inc.*, No. 8:21-cv-1731-MSS-AAS, 2021 WL 12141705 (M.D. Fla. Aug. 5, 2021) (denying a motion for a preliminary injunction for failure to comply with the notice requirements).[3] Consequently, the Court need not discuss the remaining deficiencies within Plaintiff's Motion.[4]

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 7, 2024.

---

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

[4] The Court highlights that its denial of the Motion is *without* prejudice, and thus, Plaintiff may file an amended motion in compliance with the Federal Rules of Civil Procedure and the Local Rules. Alternatively, Plaintiff may seek a temporary restraining order, which may be issued without notice, in accordance with Federal Rule of Civil Procedure 65(b) and Local Rule 6.01.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties