# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DATHAN A GRIFFIN,**

      **Plaintiff,**

v.                                          Case No: 6:24-cv-1432-PGB-LHP

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J OXLEY,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court upon *pro se* Plaintiff Dathan A. Griffin's ("**Plaintiff**") Emergency Request for Temporary Restraining Order (Doc. 17 (the "**Motion**")). Upon consideration, the Motion is due to be denied without prejudice.

## I. BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against various Defendants, who—according to Plaintiff—"acted in concert to deprive [] Plaintiff of his civil

rights in a scheme designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

Soon thereafter, Plaintiff filed a Motion for Preliminary Injunction, which the Court denied because Plaintiff failed to comply with several requirements under Federal Rule of Civil Procedure 65 and Local Rule 6.02. (Docs. 2, 13). Now, Plaintiff moves for a temporary restraining order, requesting that the Court "temporarily restrain the prosecution of any and all proceedings in the Ninth Judicial Circuit" related to the property at issue. (Doc. 17).

## II.   STANDARD OF REVIEW

District courts may issue temporary restraining orders in limited circumstances. *See* FED. R. CIV. P. 65(b)(1); Local Rule 6.01. The Court may grant such relief in accordance with Rule 65 only if:

> (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," FED. R. CIV. P. 65(b)(1)(A);
>
> (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required," FED. R. CIV. P. 65(b)(1)(B); and
>
> (3) "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," FED. R. CIV. P. 65(c).

In addition, Local Rule 6.01 requires that the movant present its motion in the following manner:

> (1) the movant must support the motion with "specific facts — supported by a verified complaint, an affidavit, or

> other evidence — demonstrating an entitlement to relief";
>
> (2) the motion also must include:
>
>> (a) "a precise description of the conduct and the persons subject to restraint";
>>
>> (b) "a precise and verified explanation of the amount and form of the required security"; and
>>
>> (c) a supporting legal memorandum including: (i) "the likelihood that the movant ultimately will prevail on the merits of the claim"; (ii) "the irreparable nature of the threatened injury and the reason that notice is impractical"; (iii) "the harm that might result absent a restraining order"; and (iv) "the nature and extent of any public interest affected."

### III.   DISCUSSION

Plaintiff's Motion fails to meet virtually any of the aforementioned requirements.[1] (*See* Doc. 17).

####   A.   **Federal Rule of Civil Procedure 65**

Plaintiff states that it provided "a copy of the instant Motion to all defendants by U.S. Mail," but Plaintiff provides no certification or proof of such notice. (Doc. 17, p. 8). Without additional information, the Court cannot find that Defendants have received notice of the Motion.[2]

---

[1] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[2] To date, Defendants have yet to appear in this action. As such, Defendants are not currently receiving electronic notifications of Plaintiff's filings.

3

Considering Plaintiff failed to provide proper notice, Plaintiff must comply with Federal Rule of Civil Procedure 65(b)(1) for a temporary restraining order to be issued without notice. However, Plaintiff provides no indication to the Court that he satisfies Rule 65(b)(1)(A) and 65(b)(1)(B). (*See* Doc. 17).

Moreover, Plaintiff fails to comply with the security requirement under Federal Rule of Civil Procedure 65(c). At most, Plaintiff states that he "does not foresee any justifiable form of a required security." (Doc. 17, p. 7). Yet, Plaintiff fails to provide any law or analysis to support this statement.

### B.  Local Rule 6.01

Even assuming Plaintiff satisfies Federal Rule of Civil Procedure 65, Plaintiff still fails to comply with Local Rule 6.01. First, Plaintiff fails to provide specific facts "demonstrating an entitlement to relief." Local Rule 6.01(a)(2). While Plaintiff alleges a series of facts, none of them demonstrate that Plaintiff is entitled to an order restraining the "prosecution of any and all proceedings in the Ninth Judicial Circuit" related to the property at issue. (*See* Doc. 17). Second, Plaintiff fails to include "a precise description of the conduct and the persons subject to restraint." Local Rule 6.01(a)(3). Instead, Plaintiff vaguely alleges various forms of conduct against several of the eleven (11) Defendants, but he fails to connect the conduct or the Defendants to the requested relief. (*See* Doc. 17). Third, Plaintiff does not address Local Rule 6.01(a)(4). Fourth, as to Plaintiff's legal memorandum, Plaintiff merely lists the four (4) elements required by 6.01(b), but

he does not apply them to the case at hand.[3] (Doc. 17, p. 2). Indeed, Plaintiff fails to provide any argument, law, or facts to establish that the 6.01(b) elements have been met. (*See* Doc. 17).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiff's Motion is denied without prejudice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Emergency Request for Temporary Restraining Order (Doc. 17) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 21, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3]  Plaintiff also fails to comply with Local Rule 1.01(d)(10), which defines a legal memorandum as "a paper — including a legal brief — that cites legal authority or otherwise advances a statement of law to support a request for relief." Although Plaintiff lists a series of "statutes and cases," only two (2) of them relate to a motion for a temporary restraining order. (Doc. 17-2, p. 3). Moreover, Plaintiff fails to apply the cited authority to the case at hand. (*See* Doc. 17).

5