# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DATHAN A GRIFFIN,**

        **Plaintiff,**

v.                                Case No: 6:24-cv-1432-PGB-LHP

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J OXLEY,**

        **Defendants.**
_____/

## ORDER

This cause is before the Court upon *pro se* Plaintiff Dathan A. Griffin's ("**Plaintiff**") Emergency Motion for Temporary Restraining Order (Doc. 24 (the "**Motion**")). Upon consideration, the Motion is due to be denied without prejudice.

### I.  BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against various Defendants, who—according to Plaintiff—"acted in concert to deprive [] Plaintiff of his civil

rights in a scheme designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

Soon thereafter, Plaintiff filed a Motion for Preliminary Injunction, which the Court denied because Plaintiff failed to comply with several requirements under Federal Rule of Civil Procedure 65 and Local Rule 6.02. (Docs. 2, 13). Plaintiff then moved for a temporary restraining order, requesting that the Court "temporarily restrain the prosecution of any and all proceedings in the Ninth Judicial Circuit" related to the property at issue. (Doc. 17 (the "**First TRO**")). The Court denied the First TRO for failure to comply with various requirements under Federal Rule of Civil Procedure 65 and Local Rule 6.01. (Doc. 20 (the "**Order**")). Now, Plaintiff renews his request for a temporary restraining order on similar grounds. (*See* Doc. 24).

## II.   STANDARD OF REVIEW

District courts may issue temporary restraining orders in limited circumstances. *See* FED. R. CIV. P. 65(b)(1); Local Rule 6.01. The Court may grant such relief in accordance with Rule 65 only if:

> (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," FED. R. CIV. P. 65(b)(1)(A); and
>
> (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required," FED. R. CIV. P. 65(b)(1)(B).

2

In addition, Local Rule 6.01 requires that the movant present its motion in the following manner:

> (1) the movant must support the motion with "specific facts — supported by a verified complaint, an affidavit, or other evidence — demonstrating an entitlement to relief";
>
> (2) the motion also must include:
>
>> (a) "a precise description of the conduct and the persons subject to restraint";
>>
>> (b) "a precise and verified explanation of the amount and form of the required security"; and
>>
>> (c) a supporting legal memorandum including: (i) "the likelihood that the movant ultimately will prevail on the merits of the claim"; (ii) "the irreparable nature of the threatened injury and the reason that notice is impractical"; (iii) "the harm that might result absent a restraining order"; and (iv) "the nature and extent of any public interest affected."

## III.    DISCUSSION

Plaintiff's Motion fails to meet virtually any of the aforementioned requirements.[1] (*See* Doc. 24).

### A.    Federal Rule of Civil Procedure 65

Plaintiff states that a copy of the Motion "will be mailed via U.S. mail" to certain parties and that "an electronic copy . . . will be emailed to the parties immediately upon filing of the stated document." (*Id.* at p. 40). Merely informing

---

[1] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

3

the Court that notice "will be" provided at some point in the future is insufficient. Moreover, as indicated in the Order, Plaintiff must provide certification or proof of such notice. (Doc. 20, p. 3). Without additional information, the Court cannot find that Defendants have received notice of the Motion.[2]

Considering Plaintiff failed to provide proper notice, Plaintiff must comply with Federal Rule of Civil Procedure 65(b)(1) for a temporary restraining order to be issued without notice. At most, Plaintiff states that "[n]otice should not be given" regarding the Motion because "[s]ince being notified" of the instant action, Defendant Calderon "changed the pretrial hearing to a virtual hearing." (Doc. 24, p. 36). Ultimately, this is insufficient to satisfy Rules 65(b)(1)(A) and 65(b)(1)(B). (*See* Doc. 24).

### B.   Local Rule 6.01

Even assuming Plaintiff satisfies Federal Rule of Civil Procedure 65, Plaintiff still fails to comply with Local Rule 6.01. First, Plaintiff fails to provide specific facts "demonstrating an entitlement to relief." Local Rule 6.01(a)(2). While Plaintiff alleges a series of facts, none of them demonstrate that Plaintiff is entitled to an order restraining the "prosecution of any and all proceedings in the Ninth Judicial Circuit" related to the property at issue. (*See* Doc. 24). Second, Plaintiff fails to include "a precise description of the conduct and the persons subject to restraint." Local Rule 6.01(a)(3). Instead, Plaintiff vaguely alleges various forms of

---

[2] To date, only two (2) of the eleven (11) Defendants have appeared in this action. (Doc. 22). As such, the remaining Defendants are not currently receiving electronic notifications of Plaintiff's filings.

4

conduct against several of the eleven (11) Defendants, but he fails to connect the conduct or the Defendants to the requested relief. (*See* Doc. 24). Moreover, although Plaintiff discusses Defendants' previous conduct, Plaintiff does not address any ongoing conduct that would be "subject to restraint." (*Id.* at pp. 7–24); Local Rule 6.01(a)(3). Third, as to the legal memorandum, Plaintiff again fails to establish the elements required under Local Rule 6.01(b).[3] (*See id.* at pp. 28–33).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiff's Motion is denied without prejudice.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 24) is **DENIED WITHOUT PREJUDICE**.[4]

**DONE AND ORDERED** in Orlando, Florida on August 30, 2024.

---

[3]  For example, Plaintiff fails to establish his likelihood of succeeding "on the merits of the claim[s]." (Doc. 24, pp. 29–31). In the Motion, Plaintiff fails to plead any of the claims alleged in his Complaint. (*See id.*; Doc. 1, pp. 78–93). Consequently, the Court is unable to assess whether Plaintiff complies with Local Rule 6.01(b)(1). *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (citation omitted) ("The first of the four prerequisites to temporary injunctive relief is generally the most important.").

[4]  The Court highlights that this is its third Order denying Plaintiff's request for injunctive relief. (Docs. 13, 20). As such, all future motions filed by Plaintiff must comply with all applicable rules and law. Specifically, Plaintiff shall comply with the Local Rules' typography requirements, as well as the restrictions on the length and content of a motion. *See* Local Rules 1.08, 3.01. Failure to comply will result in the denial of the motion. This Court's Local Rules may be accessed at: https://www.flmd.uscourts.gov/local-rules.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties