# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DATHAN A. GRIFFIN,

      Plaintiff,

v.                                                                                  Case No:   6:24-cv-1432-PGB-LHP

LUIS F. CALDERON, MICHAEL MURPHY, ERIC J. NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J. OXLEY,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NOTICE OF LIMITED APPEARANCE AND MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT (Doc. No. 26)**
>
> **FILED:** **August 29, 2024**

> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff Dathan A. Griffin filed a complaint against eleven named Defendants on August 2, 2024, alleging various claims arising from a state court adverse possession litigation. Doc. No. 1. On August 29, 2024, Defendant State of Florida (hereafter, "Florida") filed the above-styled motion, requesting that the Court quash Plaintiff's service of process as improper and dismiss Florida as a defendant for lack of personal jurisdiction. Doc. No. 26. Plaintiff responded in opposition on September 18, 2024. Doc. No. 50. For the reasons set forth below, and as discussed during the Court's October 3, 2024 case management conference (Doc. No. 64), the Court will grant in part Florida's motion and quash Plaintiff's service of process on Florida, but permit Plaintiff an opportunity to effectuate proper service on Florida.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "It is the plaintiff's responsibility to ensure proper service of a summons and complaint." *Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007)[1] (citing Fed. R. Civ. P. 4(c)(1)). Without

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d

- 2 -

proper service of process, "a district court lacks both personal jurisdiction over a defendant and power to render a judgment." *Yaniga v. Fla. Dep't of Transp.*, No. 8:11-cv-1371- T-23TBM, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011) (citations omitted). In addition, "actual notice fails to confer personal jurisdiction over a defendant." *Yaniga*, 2011 WL 6338910, at *1 (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003)). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014). Florida statutes governing service of process must be strictly construed. *See Abele v. City of Brooksville*, 273 F. App'x 809, 810 (11th Cir. 2008).

Federal Rule of Civil Procedure 4(j) permits parties to serve states, municipal corporations, or other state-created governmental organizations subject to suit by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Florida Statute § 48.121, in turn, provides that "When [Florida] has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by

---

1340, 1345 n.7 (11th Cir. 2007).

sending two copies of the process by registered or certified mail to the Attorney General." Fla. Stat. § 48.121.

Here, Plaintiff's return of service affidavit states that he served a "Chrystal Harwood, Agency Clerk" on August 9, 2024. Doc. No. 19. Plaintiff argues this manner of service is proper because he served a clerk for Florida's Department of Legal Affairs who shares an address with Florida Governor Ron DeSantis, and thereby served the "chief executive officer" of Florida under Federal Rule 4(j)(2). Doc. No. 50, at 4. Florida, however, argues that such service is insufficient as it does not comply with Fed. R. Civ. P. 4(j) and Fla. Stat. § 48.121. Doc. No. 26.

Upon consideration, and as discussed with the parties, the Court agrees with Florida. To be sure, "Florida's chief executive officer is the governor." *Rembertt v. Att'y. Gen., Fla.*, No. 20-14573, 2021 WL 6101488 (11th Cir. Dec. 22, 2021) (citing Fla. Const., art. IV, § 1(a)). However, "Chrystal Harwood, Agency Clerk" is clearly not Florida's chief executive, and Plaintiff has not provided any legal authority establishing that Ms. Harwood was authorized to accept service on behalf of the State of Florida, or that Ms. Harwood is the state attorney or assistant state attorney for the judicial circuit within which Plaintiff brought his action. *Cf. Anderson v. State of Fla.*, No. 6:22-cv-826-LHP, 2022 WL 16950241, at *1 (M.D. Fla. Nov. 15, 2022) (finding service properly made on State of Florida pursuant to Fla. Stat. § 48.121 and Fed. R. Civ. P. 4(j)(2) where the complaint was served on the State Attorney for the

7th Judicial Circuit).   Plaintiff raises no other argument in support of his contention that service was properly made.   As such, Florida's request to quash service of process is well taken.

However, when service of process is shown to be insufficient, "Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, No. 8:12-cv-52-T-30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (citations omitted). "[W]hen there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." *Id.* (alteration in original, citations omitted). *See also Allah El v. Avesta Homes*, No. 8:11-cv-2192-T-33TGW, 2012 WL 515912, at *4 (M.D. Fla. Feb. 16, 2012) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

Florida does not argue that it would be prejudiced if Plaintiff is allowed another opportunity to effect service.   Doc. No. 26.   In addition, this case is in its infancy, and it is possible that defects with service can be rectified.   As such, Plaintiff will be afforded one further opportunity to effect service on Florida in compliance with governing law.   *See Hinds v. Reyes*, No. 6:21-cv-1694-WWB-LHP, 2022 WL 21747885, at *3 (M.D. Fla. Feb. 2, 2022) (granting motion to quash service

of process on Florida agency, denying motion to dismiss based on lack of personal jurisdiction, and giving *pro se* Plaintiff additional opportunity to perfect service).

Accordingly, the State of Florida's Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction over Defendant (Doc. No. 26) is **GRANTED** to the extent that service of process on the State of Florida is **QUASHED**. The motion is **DENIED** in all other respects. Plaintiff shall effectuate proper service on the State of Florida in accordance with Fed. R. Civ. P. 4(j) and Fla. Stat. § 48.121 **within forty-five (45) days from the date of this Order. Failure to comply with this deadline, may result in sanctions, including a recommendation that this Defendant be dismissed without prejudice from the case.**

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2024.

*[Signature]*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties