UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DATHAN A. GRIFFIN,**

       **Plaintiff,**

**v.**                                                   **Case No: 6:24-cv-1432-PGB-LHP**

**LUIS F. CALDERON, MICHAEL
MURPHY, ERIC J. NETCHER,
JEFFREY L. ASHTON, STATE
OF FLORIDA, JONATHAN J.A.
PAUL, WEISSMAN PAUL,
PLLC, THE CITY OF ORLANDO,
CHRISTINE PEARSON,
JENNIFER ELIZABETH KASCH
and ZACHARY J. OXLEY,**

       **Defendants.**
_____/

## ORDER

This cause comes before the Court on *pro se* Plaintiff Dathan A. Griffin's ("**Plaintiff**") Objection (Doc. 74 (the "**Objection**")) to Magistrate Judge Leslie Hoffman Price's Order (Doc. 71 (the "**Order**")) granting in part and denying in part Defendant State of Florida's ("**Florida**") Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction Over Defendant (Doc. 26 (the "**Motion**")). Upon consideration, the Objection is due to be overruled.

**I.      BACKGROUND**

Plaintiff initiated this civil rights action on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against several Defendants, who—according to

Plaintiff—"acted in concert to deprive [] Plaintiff of his civil rights in a scheme designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

On August 29, 2024, Florida filed the Motion, requesting that the Court quash Plaintiff's service of process as improper and dismiss Florida as a defendant for lack of personal jurisdiction. (Doc. 26). Plaintiff responded in opposition. (Doc. 50). Thereafter, Magistrate Judge Hoffman Price issued the Order granting the Motion to the extent that Plaintiff's insufficient service of process on Florida was quashed. (Doc. 71). Accordingly, the Order provided Plaintiff an additional forty-five days to effect proper service on Florida. (*Id.*). The Order denied the Motion in all other respects. (*Id.*). Plaintiff timely filed his Objection to the Order. (Doc. 74). Florida has not filed a response to the Objection, and the time to do so has now passed. The matter is now ripe for review.

## II.   STANDARD OF REVIEW

Rule 72(a) authorizes a district court to review a litigant's objection to a magistrate judge's order addressing a non-dispositive matter. FED. R. CIV. P. 72(a). Under Rule 72(a), the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *Tempay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011)).

## III.   DISCUSSION

As an initial matter, the Court clarifies that while the Motion included a motion to quash and a motion to dismiss, the Order solely addressed the motion to quash. (Docs. 26, 71). Considering the motion to quash was "not dispositive of a party's claim or defense," the Court reviews the Order pursuant to Rule 72(a). (*Id.*); FED. R. CIV. P. 72(a); *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).

Simply put, Plaintiff fails to establish that any part of the Order is "clearly erroneous" or "contrary to law" under Rule 72(a).[1] (*See* Doc. 74); *see* FED. R. CIV. P. 72(a). In the Objection, Plaintiff merely rehashes arguments he raised in his response to the Motion. (*Compare* Doc. 50, *with* Doc. 74). Magistrate Judge Hoffman Price already addressed several of these arguments in the Order. (Doc. 71). Plaintiff otherwise dedicates his Objection to express his frustrations with the rules for service of process: "It's disingenuous to believe that the governor would

---

[1]   Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

be waiting to accept service himself." (Doc. 74, p. 7). While Plaintiff may find the rules to be "disingenuous," Plaintiff fails to explain how the Order's reliance on such rules was clearly erroneous or contrary to law. (*See* Doc. 74).

Consequently, based on the evidence at issue, the Court is not "left with the definite and firm conviction that a mistake [was] committed" in the Order. *See Tempay, Inc.*, 929 F. Supp. 2d at 1260. Nor does the Court find that the Order "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *See id.* As such, the Court finds no reason to modify or set aside the Order under Rule 72(a).

## IV.   CONCLUSION

For the above reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Objection (Doc. 74) is **OVERRULED**, and the Order (Doc. 71) is **AFFIRMED**. Plaintiff is **DIRECTED** to timely comply with the Order (Doc. 71).

**DONE AND ORDERED** in Orlando, Florida on November 7, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4