**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DATHAN A. GRIFFIN,**

    **Plaintiff,**

v.                                                        Case No: 6:24-cv-1432-PGB-LHP

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J. NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J. OXLEY,**

    **Defendants.**

_____/

**ORDER**

This cause comes before the Court upon *pro se* Plaintiff Dathan A. Griffin's ("**Plaintiff**") Objection (Doc. 116 (the "**Objection**")) to Magistrate Judge Leslie Hoffman Price's Order Staying Discovery (Doc. 105 (the "**Order**")). Upon consideration, the Objection is due to be overruled.

**I.    BACKGROUND**

Plaintiff initiated this civil rights action on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against several Defendants, who—according to Plaintiff—"acted in concert to deprive [] Plaintiff of his civil rights in a scheme

designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

On November 1, 2024, upon a *sua sponte* review of the docket, Magistrate Judge Hoffman Price issued the Order staying all discovery in this case "until all motions to dismiss are fully and finally resolved." (Doc. 105, p. 3). Accordingly, the Order denied each of the following motions as moot: (1) City of Orlando's Motion for Remote Scheduling Conference (Doc. 98); (2) Plaintiff's Discovery Notice (Doc. 99); and (3) Motion for Protective Order and Motion to Stay Discovery (Doc. 101). Plaintiff timely filed his Objection to the Order. (Doc. 116). Defendants have not filed a response to the Objection, and the time to do so has now passed. The matter is now ripe for review.

## II. STANDARD OF REVIEW

Rule 72(a) authorizes a district court to review a litigant's objection to a magistrate judge's order addressing a non-dispositive matter. FED. R. CIV. P. 72(a). Under Rule 72(a), the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tempay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla.

2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011)).

## III. DISCUSSION

Considering the matter of staying discovery is "not dispositive of a party's claim or defense," the Court reviews the Order pursuant to Rule 72(a). (*Id.*); FED. R. CIV. P. 72(a); *see Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).

Simply put, Plaintiff fails to establish that any part of the Order is "clearly erroneous" or "contrary to law" under Rule 72(a).[1] (*See* Doc. 116); *see* FED. R. CIV. P. 72(a). Rather, Plaintiff argues that he should have had an opportunity to respond to the Motion for Protective Order and Motion to Stay Discovery. (Doc. 116). However, as noted in the Order, Magistrate Judge Hoffman Price issued a stay of discovery upon *sua sponte* review of the docket. (Doc. 105, p. 1). The Order did not reach the merits of the Motion for Protective Order and Motion to Stay Discovery, which is why such requests were denied as moot. (*See id.*).

Moreover, to support the *sua sponte* stay of discovery, the Order delineated that: "Upon review of the pending motions to dismiss, and in the interest of conserving the parties' time and resources, as well as the interests of efficiency and

---

[1] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

judicial economy, the undersigned finds that a temporary stay of discovery is warranted until the motions to dismiss are resolved." (Doc. 105, p. 3). The Order cited to legal authority to support this finding, and Plaintiff fails to explain how the Order's reliance on such legal authority was clearly erroneous or contrary to law. (*Id.*; Doc. 116).

Consequently, based on the evidence at issue, the Court is not "left with the definite and firm conviction that a mistake [was] committed" in the Order. *See Tempay*, 929 F. Supp. 2d at 1260. Nor does the Court find that the Order "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *See id.* As such, the Court finds no reason to modify or set aside the Order under Rule 72(a).

## IV. CONCLUSION

For the above reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Objection (Doc. 116) is **OVERRULED**, and the Order (Doc. 105) is **AFFIRMED**.

**DONE AND ORDERED** in Orlando, Florida on December 4, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties