# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DATHAN A. GRIFFIN,

        Plaintiff,

v.                                Case No:   6:24-cv-1432-PGB-LHP

LUIS F. CALDERON, MICHAEL
MURPHY, ERIC J. NETCHER,
JEFFREY L. ASHTON, STATE OF
FLORIDA, JONATHAN J.A. PAUL,
WEISSMAN PAUL, PLLC, THE CITY
OF ORLANDO, CHRISTINE
PEARSON, JENNIFER ELIZABETH
KASCH and ZACHARY J. OXLEY,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE HOFFMAN-PRICE (Doc. No. 114)** |
| **FILED:** | **November 7, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, proceeding *pro se*, has filed the above-styled motion for recusal of the undersigned pursuant to 28 U.S.C. § 455.   Doc. No. 114; *see also* Doc. No. 115.[1] The bases for the motion include that: (1) the undersigned has restricted Plaintiff's access to the court and acted in concert with Defendants; (2) the undersigned issued an order staying discovery and prevented Plaintiff from responding to a joint motion for protective order and to stay discovery filed by Defendants Jeffrey L. Ashton, Eric J. Netcher, Luis F. Calderon, and Michael Murphy (Doc. No. 101); and (3) the undersigned failed to disclose that she is "more than familiar" with Attorney

---

[1] Plaintiff also cites to 28 U.S.C. § 144, which sets forth conditions under which a judge shall recuse or disqualify herself on the basis of personal bias or prejudice.   Doc. No. 114, at 1-2.   To proceed under § 144, Plaintiff must submit a "sufficient affidavit" listing the facts and reasons for the belief that bias or prejudice exists.   28 U.S.C. § 144. However, "the test is the same" under both 28 U.S.C. § 144 and 28 U.S.C. § 455.   *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980).   *See also United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983) (noting that a trial judge does not immediately recuse himself when an affidavit of personal bias or prejudice is filed under section 144, but the judge must consider the legal sufficiency of the affidavit and the test for the legal sufficiency of a motion for disqualification is the same under 28 U.S.C. § 455 and 28 U.S.C. § 144).   Thus, while Plaintiff appears to only be proceeding under 28 U.S.C. § 455, because he also cites to 28 U.S.C. § 144 and has submitted an affidavit which in essence is a verbatim recitation of the contents of Plaintiff's motion, *see* Doc. No. 115, the undersigned has also considered Plaintiff's motion under 28 U.S.C. § 144, as set forth herein.   And because the same standards apply to both 28 U.S.C. § 144 and 28 U.S.C. § 455, for the reasons set forth in this Order, Plaintiff's motion fails under either statute, even accepting Plaintiff's allegations as true.   *See, e.g., Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2015 WL 12852310 (M.D. Fla. June 8, 2015), *aff'd* 650 F. App'x 744 (11th Cir. 2016) (applying same standards in denying motion to disqualify under both 28 U.S.C. §§ 144 and 455); *Ain Jeem, Inc. v. Individuals, Partnerships , & Unincorporated Associations Identified on Schedule A*, No. 8:21-cv-1331-VMC-AEP, 2022 WL 1619096 (M.D. Fla. May 23, 2022) (same).

Christian H. Tiblier, counsel for Defendant City of Orlando.   Doc. No. 114, at 2. *See also* Doc. No. 115.   The City of Orlando has filed a response in opposition, Doc. No. 125, however no other Defendant has filed a response, and the time for doing so has now expired.   *See* Local Rule 3.01(c).   For the reasons set forth below, Plaintiff's motion (Doc. No. 114) will be denied.

Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]"   "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."   *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted).   "Properly pleaded facts in a § 144 affidavit must be considered as true."   *Id.*

Likewise, under 28 U.S.C. § 455, a federal judge must disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, has a financial interest in the matter, or she or her spouse is a party, lawyer, or witness involved or has an interest in the outcome of the proceeding.   28 U.S.C. § 455(a), (b).   "The . . . purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."   *Liljeberg v.*

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citations omitted). The standard for recusal under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Patti*, 337 F.3d at 1321).

For disqualification to be warranted under either § 144 or § 455, a judge's bias must be "personal as distinguished from judicial in nature" and "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188–89 (11th Cir. 1986) (citation omitted). However, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. Indeed, a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d at 895 (citations and quotation marks omitted).

Turning to Plaintiff's first ground – that the undersigned restricted Plaintiff's access to the Court – Plaintiff focuses on the events that transpired during an October 3, 2024 case management conference, scheduled pursuant to the

Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program.   *See* Doc. Nos. 16, 31, 32, 64.   Specifically, Plaintiff takes issue with the undersigned's addressing of a then-pending motion to quash service of process, filed by Defendant State of Florida.   *See* Doc. No. 26.   At the time of the October 3, 2024 case management conference, Plaintiff had filed a response in opposition to the motion, thus it was fully briefed and ripe for consideration.   *See* Doc. No. 50. Plaintiff argues that the undersigned exhibited bias towards him and prevented him from litigating his case both by "ambushing" Plaintiff and addressing the motion at the October 3, 2024 case management conference, and by the undersigned's ruling.   Doc. No. 114, at 4-11.

Upon consideration, the undersigned does not find Plaintiff's argument to be persuasive.   First, Plaintiff has presented no legal authority that would preclude the undersigned – or any judicial officer – from addressing a fully briefed motion during a hearing.   Second, "[o]rdinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").   *Accord Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature.   As a result,

except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." (citations and quotation marks omitted)); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." (citation omitted)).    Third, and relatedly, Plaintiff has already challenged the merits of the undersigned's ruling via objections to the Presiding District Judge, who overruled the objections and held that the undersigned's ruling was not "clearly erroneous," "contrary to law," or a mistake.    Doc. Nos. 74, 113.    *See Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal.").    Accordingly, the undersigned finds no basis for disqualification.

Next, Plaintiff argues bias and prejudice justifying recusal based on the undersigned's *sua sponte* staying of all discovery in this case until all pending motions to dismiss are fully and finally resolved, and because the undersigned issued that order without first permitting Plaintiff to file a response to Defendants Jeffrey L. Ashton, Luis F. Calderon, Michael Murphy, and Eric J. Netcher's joint motion for a protective order and to stay discovery (Doc. No. 101).    Doc. No. 114, at 11-14.    *See also* Doc. No. 105.    For the same reasons discussed above, this argument also fails.    *See Bolin,* 225 F.3d at 1239; *McWhorter*, 906 F.2d at 678; *Liteky*, 510 U.S. at 555.    Moreover, Plaintiff also lodged objections to the undersigned's

stay order, which the Presiding District Judge similarly found to be without merit and upheld the undersigned's order.   Doc. Nos. 116, 130.   *See also Ginsberg*, 570 F. 3d at 1274.

Third, and finally, Plaintiff argues that the undersigned should be disqualified based on a purported "fraternal relationship outside of court business" with Attorney Tiblier.   Doc. No. 114, at 14-17.   Specifically, Plaintiff points to Attorney Tiblier's position as a Director with the Young Lawyers' Association of the Federal Bar Association ("FBA"), that the undersigned attends, speaks at, and/or hosts events with the FBA, that Attorney Tiblier has appeared in cases before the undersigned, and that the undersigned and Attorney Tiblier were both employed by the Middle District of Florida between 2016-2017.   *Id.*

Upon consideration, the undersigned also finds this argument unpersuasive. The Code of Conduct for United States Judges provides that "[a] judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects." Code of Conduct for United States Judges, Canon 4.   Accordingly, the undersigned is not persuaded that her participation in FBA events warrants recusal.   *See Kinchen v. St. John's Univ.*, 830 F. App'x 691, 692 (2d Cir. 2020) (finding that allegations that "the judge had participated in a speaking engagement at [the

defendant university] and maintained professional relationships with . . . alumni . . . raise[d] no inference of bias" (citing *In re Aguinda*, 241 F.3d 194, 203 (2d Cir. 2001) (a judge's participation in programs sponsored by bar associations or law schools does not require recusal))).   *See also Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 104 (5th Cir. 1975) (mere membership in party-bar association "is not a ground for disqualification").[2]

The undersigned finds equally unpersuasive Plaintiff's suggestion that recusal is warranted merely because the undersigned was employed as a Manager with the Clerk's Office while Attorney Tiblier was separately employed as a Judicial Law Clerk, or that Attorney Tiblier was attorney of record in prior cases assigned to the undersigned.   *See* Doc. No. 115, at 16-17.   *See also* Doc. No. 125, at 4-5.   *Cf. Smith v. Pepsico, Inc.*, 434 F. Supp. 524 (S.D. Fla. 1977) (finding no basis for recusal under 28 U.S.C. § 455 where plaintiff's attorney was a law clerk for the presiding judge several years prior).   Plaintiff's argument is based on pure speculation, which is insufficient.   *See In re Moody*, 755 F.3d at 895 ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."); *see also Statton v. Kiser*, No. 8:18-cv-2345-T-60SPF, 2019 WL

---

[2] In *Bonner v. City of Prichard Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6975091, at \*1 (M.D. Fla. Dec. 20, 2019) (stating that under § 455, "a judge does not and should not accept as true the allegations or speculation of the moving party.").

Other than challenging the undersigned's rulings and speculation, Plaintiff has not demonstrated or cited any legal authority supporting a suggestion that "an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about the [undersigned's] impartiality" based upon same.   *See Patti*, 337 F.3d at 1321 (quoting *Parker*, 855 F.2d at 1524).[3]   In short, Plaintiff has not demonstrated any basis under § 144 or § 455 warranting the undersigned's recusal. Accordingly, Plaintiff's Motion to Disqualify (Doc. No. 114) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on December 10, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

_____

[3] In the conclusion section of his motion, Plaintiff references other orders by the undersigned.  Doc. No. 114, at 17-19.  However, as noted above, such rulings by themselves do not establish a basis for recusal.