# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DATHAN A. GRIFFIN,**

      **Plaintiff,**

v.                                                  **Case No: 6:24-cv-1432-PGB-LHP**

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J. NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J. OXLEY,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court upon *pro se* Plaintiff Dathan A. Griffin's ("**Plaintiff**") Motion for Preliminary Injunction (Doc. 82 (the "**Motion**")). Defendants filed responses in opposition. (Docs. 104, 107). Upon consideration, the Motion is due to be denied.

### I.    BACKGROUND

Plaintiff initiated this civil rights action on August 2, 2024. (Doc. 1). In sum, Plaintiff alleges a series of claims against several Defendants who—according to Plaintiff—"acted in concert to deprive [] Plaintiff of his civil rights in a scheme

designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

To date, Plaintiff has moved for injunctive relief four separate times, requesting that the Court restrain the prosecution of all proceedings in the Ninth Judicial Circuit related to the property at issue. (*See* Docs. 2, 17, 24, 82). Upon initiating this action on August 2, 2024, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 2). Then, on August 16, 2024, Plaintiff filed an Emergency Request for Temporary Restraining Order, and on August 29, 2024, Plaintiff filed an Emergency Motion for Temporary Restraining Order. (Docs. 17, 24). The Court denied the aforementioned motions without prejudice because Plaintiff failed to comply with several requirements under Federal Rule of Civil Procedure 65 and Local Rule 6.02. (Docs. 13, 20, 27). Now, for the fourth time, Plaintiff moves for injunctive relief. (Doc. 82). Defendants filed their respective responses in opposition. (Docs. 104, 107). The matter is now ripe for review.

## II.  STANDARD OF REVIEW

Local Rule 6.02 requires that a motion for a preliminary injunction include "'Preliminary Injunction' in the title but otherwise [] comply with Local Rule 6.01(a) and (b)." Thus, as provided under Local Rule 6.01(a), a motion for a preliminary injunction must include:

> (1) ["Preliminary Injunction"] in the title;
>
> (2) specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief;

> (3) a precise description of the conduct and the persons subject to restraint;
>
> (4) a precise and verified explanation of the amount and form of the required security;
>
> (5) a supporting legal memorandum; and
>
> (6) a proposed order.

Local Rules 6.01(a), 6.02(a)(1).

In addition, Local Rule 6.01(b) provides that a motion for a preliminary injunction must include a legal memorandum that establishes:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

Local Rules 6.01(b), 6.02(a)(1).

## III. DISCUSSION

Simply put, Plaintiff's Motion fails to comply with Local Rules 6.01 and 6.02.[1] First, Plaintiff fails to provide specific facts "demonstrating an entitlement to relief." Local Rule 6.01(a)(2); (*see* Doc. 82). While Plaintiff sets forth a series of facts, none of them demonstrate that Plaintiff is entitled to an order granting the extensive relief he requests. (*See* Doc. 82).

---

[1] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

3

Second, Plaintiff fails to satisfy the requirements for a legal memorandum under Local Rule 6.01(b).[2] (*See id.*). Specifically, Plaintiff fails to establish the likelihood that he "ultimately will prevail on the merits of the claim." (Doc. 82, pp. 3–6); *see* Local Rule 6.01(b)(1). Plaintiff does not delineate how any of the elements of any of his claims have been met, nor does he even reference such claims. (Doc. 82, pp. 3–6). Instead, Plaintiff relies on conclusory assertions that he "has a 100% chance of a success on the merits." (*Id.*). Thus, Plaintiff fails to comply with Local Rule 6.01(b)(1). Consequently, because "[t]he first of the four prerequisites to [] injunctive relief is generally the most important," the Court need not address the remainder of Plaintiff's Motion.[3] *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) (citation omitted).

In sum, considering injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiff's Motion is denied with prejudice.[4]

---

[2]  Plaintiff also fails to comply with Local Rule 1.01(d)(10), which defines a legal memorandum as "a paper—including a legal brief—that cites legal authority or otherwise advances a statement of law to support a request for relief." Although Plaintiff cites to various cases, decisions, and statutes, Plaintiff does not apply legal authority to advance his position or support his request for relief in the instant case. (*See* Doc. 82).

[3]  The Court acknowledges Defendants' arguments regarding the abstention doctrine and subject matter jurisdiction. (*See* Doc. 104, pp. 3–7; *see also* Doc. 107, p. 3). However, the Court declines analysis of such arguments considering Plaintiff's Motion fails under the Local Rules. Moreover, the Court finds that such arguments will be better addressed through the Court's resolution of the pending motions to dismiss.

[4]  Considering the Court's denial of Plaintiff's motion is *with* prejudice, Plaintiff may not file any further motions requesting injunctive relief. For one, Plaintiff has had four separate opportunities to request injunctive relief. (*See* Docs. 2, 17, 24, 82). Moreover, in each Order

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Doc. 82) is **DENIED WITH PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on December 10, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

denying Plaintiff's previous requests, the Court has delineated the Local Rules and Federal Rules of Civil Procedure relevant to requesting injunctive relief. (*See* Docs. 13, 20, 27); *Scales v. Forniss*, 452 F. App'x 916, 917 (11th Cir. 2012) ("The leniency [the courts] afford to *pro se* litigants does not extend to functioning as de facto counsel or rewriting a pleading so that an action will survive."); *see also Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").