# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DATHAN A. GRIFFIN,**

    **Plaintiff,**

v.                                                        Case No: 6:24-cv-1432-PGB-LHP

**LUIS F. CALDERON, MICHAEL MURPHY, ERIC J. NETCHER, JEFFREY L. ASHTON, STATE OF FLORIDA, JONATHAN J.A. PAUL, WEISSMAN PAUL, PLLC, THE CITY OF ORLANDO, CHRISTINE PEARSON, JENNIFER ELIZABETH KASCH and ZACHARY J. OXLEY,**

    **Defendants.**

_____/

## **ORDER**

This cause comes before the Court on the following:

1. Defendant Judge Luis Calderon's Motion to Dismiss Complaint with Prejudice (Doc. 23); Defendant City of Orlando's Motion to Dismiss (Doc. 35); Defendants Judge Murphy and Judge Ashton's Motion to Dismiss Complaint with Prejudice (Doc. 39); Defendant Judge Netcher's Motion to Dismiss Complaint with Prejudice (Doc. 56); Defendant Weissman Paul, PLLC's Motion to Dismiss Complaint with Prejudice (Doc. 61); Defendant Christine Pearson's Motion to Dismiss Complaint with Prejudice (Doc. 72); Defendant Jonathan J.A. Paul's

      Motion to Dismiss Complaint with Prejudice (Doc. 78) (collectively, the "**motions to dismiss**");

2. Plaintiff Dathan A. Griffin's ("**Plaintiff**") responses in opposition (Docs. 49, 62, 76, 88, 102);

3. Magistrate Judge Leslie Hoffman Price's Report and Recommendation (Doc. 146 (the "**Report**"));

4. Plaintiff's Objection to the Report (Doc. 150 (the "**Objection**")); and

5. Defendants Jonathan J.A. Paul and Weissman Paul, PLLC's Response in Opposition to Plaintiff's Objection to Magistrate's Report and Recommendation (Doc. 154).

Upon consideration, the Court grants the motions to dismiss in part, overrules the Objection, adopts the Report, and grants Plaintiff leave to file an amended complaint consistent with the principles set forth in the Report.

## I. BACKGROUND

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 146, pp. 1–8).

## II. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues

independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III. DISCUSSION

As an initial matter, the Court notes that Plaintiff's Objection mostly rehashes his previous arguments without properly addressing Magistrate Judge Hoffman Price's conclusions. (*See* Docs. 49, 62, 76, 88, 102, 150). In other words, Plaintiff fails to delineate why Magistrate Judge Hoffman Price's conclusions are in error, or when Plaintiff is construed to have done so, Plaintiff does so in an entirely conclusory fashion. (*See* Doc. 150). For this reason alone, the Report is due to be adopted. *Knezevich v. Ptomey*, 761 F. App'x. 904, 906 (11th Cir. 2019) ("[O]bjections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the district court to effectively review the magistrate judge's ruling.'").[1] Nevertheless, the Court independently addresses the relevant portions of Plaintiff's Objection.

Magistrate Judge Hoffman Price recommended finding the Complaint fell into the second, third, and fourth types of shotgun pleadings set forth in *Weiland*

---

[1] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

3

*v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). (Doc. 146). Plaintiff disagrees. (Doc. 150). Ultimately, while Plaintiff has numerous bones to pick with the Report, the Court nonetheless finds the Complaint (Doc. 1) to be an impermissible shotgun pleading.[2] (*Id.*).

"A complaint that fails to comply with [Federal] Rules [of Civil Procedure] 8 and 10 may be classified as a 'shotgun pleading.'" *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland,* 792 F.3d at 1321–23. Each of these types of pleadings fails "to give the defendants

---

[2] A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiff first asserts that "each claim is supported by detailed, concrete facts that directly relate to the legal elements of the cause[s] of action." (Doc. 150, p. 8). Plaintiff's Complaint, at bottom, fails to give Defendants adequate notice of the claims against them due to its voluminous, disorganized, and stream-of-consciousness style. (Doc. 1); s*ee Weiland*, 792 F.3d at 1323. Make no mistake—detail is not the problem; instead, Plaintiff does not connect the Complaint's many varied assertions to any specific cognizable causes of action that the Court can properly discern.

Next, Plaintiff argues that "[t]here is absolutely no mistaking who did what and how . . . as each cause of action lists 'all defendants.'" (Doc. 150, p. 5). However, as Magistrate Judge Hoffman Price correctly points out, the fact that Plaintiff asserts his claims against "all Defendants" is exactly the issue—rather than the solution—at hand. (Doc. 146, p. 13). Notably, these "claims do not specifically incorporate any facts from other parts of the complaint," and thus, "it is entirely unclear from the pleading which acts for each cause of action are alleged to have been taken by each specific Defendant." (*Id.* (citations omitted)). While some alleged facts may connect to some of the Defendants, the link must be drawn with greater clarity as to each Defendant.

5

In sum, the lack of clarity created by the Complaint's errors fails to provide Defendants adequate notice of the claims being made against them. Accordingly, repleader is necessary to correct the deficiencies set forth in the Report.[3]

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Leslie Hoffman Price's Report and Recommendation (Doc. 146), filed on December 23, 2024, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendants' motions to dismiss (Docs. 23, 35, 39, 56, 61, 72, 78) are **GRANTED IN PART** to the extent addressed in the Report and Recommendation. Defendants' motions to dismiss are **DENIED WITHOUT PREJUDICE** in all other respects.

3. Plaintiff's Objection (Doc. 150) is **OVERRULED**.

4. The Complaint (Doc. 1) is **DISMISSED** as a shotgun pleading.

5. On or before February 14, 2025, Plaintiff may file an Amended Complaint. Failure to timely file an Amended Complaint consistent with the directives of this Order shall result in dismissal of this action without further notice.

---

[3] The Court cautions Plaintiff that his Amended Complaint must be consistent with the principles set forth in the Report. (*See* Doc. 146). Failure to comply with such principles shall result in adverse sanctions against Plaintiff—including, but not limited to, dismissal of the case without further notice.

**DONE AND ORDERED** in Orlando, Florida on January 31, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties