# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DATHAN A. GRIFFIN,

        Plaintiff,

v.                                          Case No:   6:24-cv-1432-PGB-LHP

LUIS F. CALDERON, MICHAEL
MURPHY, ERIC J. NETCHER,
JEFFREY L. ASHTON, STATE OF
FLORIDA, JONATHAN J.A. PAUL,
WEISSMAN PAUL, PLLC, THE CITY
OF ORLANDO, CHRISTINE
PEARSON, JENNIFER ELIZABETH
KASCH and ZACHARY J. OXLEY,

        Defendants

---

## ORDER

Before the Court is Plaintiff's Motion for Sanctions Against Defendant Pearson for Material Misrepresentation and Fraud on the Court. Doc. No. 153. No timely responses to the motion have been filed. *See* Local Rules 3.01(b), (c). Nonetheless, on review, the motion (Doc. No. 153) will be **DENIED** for failure to demonstrate propriety of the relief sought.[1]

---

[1] Because the undersigned is denying Plaintiff's motion, the undersigned issues this Order rather than a Report and Recommendation. *See Laltitude, LLC v. Freshetech, LLC*,

Specifically, Plaintiff brings this motion against Defendant Christine Pearson pursuant to 28 U.S.C. § 1927. Doc. No. 153, at 1. But "§ 1927 authorizes sanctions against only a lawyer, not a party." *See Jones v. Life Care Centers of Am., Inc.*, No. 3:20-cv-488-TJC-PDB, 2022 WL 4389727, at *34 (M.D. Fla. Aug. 11, 2022), *report and recommendation adopted*, 2022 WL 4384175 (M.D. Fla. Sept. 22, 2022); *see also Tran v. Nomad Grp. LLC*, No. 8:20-cv-1945-CEH-SPF, 2022 WL 22878428, at *1 (M.D. Fla. Sept. 19, 2022) ("Section 1927 does not apply to parties."). Moreover, the request is mostly premised on Defendant Pearson's actions in state court proceedings before this case was instituted, Doc. No. 153, at 1–2, 3–5, which is not proper given that § 1927 applies to "post-complaint activities." *See Bertin v. Zadok Real Est. Holdings, LLC*, No. 10-24508-CIV, 2012 WL 13012463, at *7 (S.D. Fla. Feb. 3, 2012), *report and recommendation adopted*, 2012 WL 13012422 (S.D. Fla. Feb. 23, 2012) (collecting authority).

---

No. 6:21-cv-1879-PGB-LHP, 2022 WL 14636889, at *5, n. 6 (M.D. Fla. Oct. 24, 2022) ("Given that the Court denies the requested sanction of dismissal, the undersigned issues an Order, rather than a Report and Recommendation."); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436237, at *1, n.1 (S.D. Fla. Nov. 8, 2018) ("Even [where] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction,' then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a).") (first quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995), then citing *QBE Ins. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (explaining that magistrate judge has authority to enter a sanctions order, as opposed to a report and recommendations, when sanctions are denied)).

Moreover, to the extent that Plaintiff cites to Federal Rule of Civil Procedure 11, Doc. No. 153, at 7, Plaintiff fails to demonstrate compliance with that Rule. For one, Rule 11(c)(2) requires a separate motion. For another, Rule 11 "requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court." *In re Miller*, 414 F. App'x 214, 216 (11th Cir. 2011);[2] Fed. R. Civ. P. 11(c)(2). Plaintiff does not address this "safe harbor" provision in his motion, nor provide any evidence that he complied with it. Doc. No. 153. Finally, the facts on which Plaintiff bases his request for sanctions are intertwined with the merits of Plaintiff's case. *Compare* Doc. No. 153, *with* Doc. No. 157. Given that the merits of Plaintiff's claims have not yet been determined, a request for sanctions at this juncture appears premature. *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions normally will be determined at the end of litigation." (footnote and quotation marks omitted)); *see also Ideal Image Dev. Corp. v. Idealaser Hair Removal Corp.*, No. 18-20927-CIV, 2019 WL 12267190, at *2 (S.D. Fla. Oct. 24, 2019), *report and recommendation adopted*, 2019 WL 12267187 (S.D. Fla. Dec. 12, 2019) ("Rule 11 does not provide an avenue to seek judgment on the merits of a

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

case." (citation and quotation marks omitted)).[3]

For these reasons, Plaintiff's motion (Doc. No. 153) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Plaintiff also cites several state court cases for the legal standards for fraud on the court, without explanation. *See* Doc. No. 153, at 2–3. Without explanation on how this law applies in this case, or how those cases support Plaintiff's position that sanctions against Defendant Pearson are appropriate based on the conduct alleged, the Court declines to address them. Plaintiff further cites "Rule 37(4)." Doc. No. 153, at 3. To the extent that Plaintiff meant Federal Rule of 37(a)(4), Plaintiff has filed no such discovery motion related thereto, and indeed, discovery in this matter is stayed. *See* Doc. Nos. 105, 181.