# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DATHAN A. GRIFFIN,**

    **Plaintiff,**

**v.**          **Case No: 6:24-cv-1432-PGB-LHP**

**LUIS F. CALDERON, MICHAEL
MURPHY, ERIC J. NETCHER,
JEFFREY L. ASHTON, STATE
OF FLORIDA, JONATHAN J.A.
PAUL, WEISSMAN PAUL,
PLLC, THE CITY OF ORLANDO,
CHRISTINE PEARSON,
JENNIFER ELIZABETH KASCH
and ZACHARY J. OXLEY,**

    **Defendants.**
_____/

## ORDER

This cause comes before the Court upon *pro se* Plaintiff Dathan A. Griffin's

("**Plaintiff**") Motion for Reconsideration of Order Granting Defendants' Joint

Motion to Amend Case Management and Scheduling Order and Stay Proceedings

(Doc. 199 (the "**Motion**")).[1] The Court does not deem a response to the Motion from Defendants necessary.[2] Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND

Plaintiff initiated this civil rights action on August 2, 2024. (Doc. 1 (the "**Complaint**")). In the Complaint, Plaintiff alleges a series of claims against several Defendants, asserting they "acted in concert to deprive [] Plaintiff of his civil rights in a scheme designed to seize his property and infringe upon his pursuit of life, liberty, and happiness." (*Id.* at p. 2).

Ultimately, Plaintiff filed an amended complaint, and Defendants filed their respective motions to dismiss. (Docs. 157, 164, 165, 166, 168). Shortly thereafter, Magistrate Judge Leslie Hoffman Price issued an Order staying discovery pending the Court's resolution of the motions to dismiss. (Doc. 181).

Accordingly, on April 1, 2025, Defendants jointly moved for a six-month extension of all deadlines in the Court's Case Management and Scheduling Order. (Doc. 187 (the "**Extension Motion**")). Plaintiff did not file a response in opposition. On April 16, 2025, the Court granted the Extension Motion in part and stayed all proceedings pending the Court's resolution of the motions to dismiss,

---

[1]    The Court notes that Plaintiff's Motion fails to comply with Local Rule 3.01(g). In any event, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the Court cautions Plaintiff that all future filings must comply with the Local Rules.

[2]    *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable' authority to control their own dockets. . . . [which] includes 'broad discretion in deciding how best to manage the cases before them.'" (citations omitted)).

considering discovery had been stayed in the case. (Doc. 198 (the "**Order**")). Plaintiff now moves the Court for reconsideration of its Order. (Doc. 199).

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b).

Reconsideration will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019) ("Motions for reconsideration are disfavored and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)

(internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013, WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

## III.    DISCUSSION

In the Motion, Plaintiff presents arguments that could have been raised prior to the Order, and thus, the Court is not obligated to consider such arguments. (Doc. 199); *see Wilchombe*, 555 F.3d at 957. Plaintiff could have raised such arguments by filing a response in opposition to Defendants' Extension Motion. However, Plaintiff did not file a response in opposition, and thus, the Extension Motion was "subject to treatment as unopposed." *See* Local Rule 3.01(c). Nonetheless, even if the Court were to consider Plaintiff's arguments, Plaintiff's Motion does not satisfy the rigorous standard for reconsideration of the Court's Order.[3] (*See* Doc. 199); *see Fla. Coll. of Osteopathic Med.,* 12 F. Supp. 3d at 1308.

## IV.    CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration of Order Granting Defendants' Joint Motion to Amend Case Management and Scheduling Order and Stay Proceedings (Doc. 199) is **DENIED**.

---

[3] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

**DONE AND ORDERED** in Orlando, Florida on April 22, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties